1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11   TAARIQ KAALEEQ JACKSON-BEY,

12            Petitioner,

13       v.

14   B.M. TRATE,

15            Respondent.

16

Case No. 1:23-cv-01510-JLT-EPG-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION

17       Petitioner Taariq Kaaleeq Jackson-Bey is a federal prisoner proceeding *pro se* with a

18   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As this Court does not have

19   jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e),

20   the undersigned recommends dismissal of the petition.

21                                        **I.**

22                                   **BACKGROUND**

23       Although not stated explicitly in the petition, it appears that Petitioner is challenging his

24   conviction of being a felon in possession of a firearm after pleading guilty in the United States

25   District Court for the District of Minnesota. See United States v. Jackson-Bey, 964 F.3d 730 (8th

26   Cir. 2020).[1] On July 7, 2020, the Eight Circuit affirmed the judgment. Id. On October 4, 2021,

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28   [1] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria

1   the Supreme Court denied the petition for writ of certiorari. Jackson-Bey v. United States, 142 S.

2   Ct. 151 (2021).

3         On October 11, 2022, Petitioner filed a motion to vacate, set aside, or correct the sentence

4   under 28 U.S.C. § 2255 in the United States District Court for the District of Minnesota. Motion,

5   United States v. Jackson-Bey, No. 0:17-cr-00152 (D. Minn. Oct. 11, 2022), ECF No. 101. On

6   May 24, 2023, the district court denied Petitioner's § 2255 motion. Id., ECF No. 113.

7         Petitioner is currently incarcerated at the United States Penitentiary in Atwater,

8   California. (ECF No. 1 at 1.)[2] In the instant federal petition for writ of habeas corpus, Petitioner

9   requests the Court to vacate his conviction based upon the following: (1) the arrest procedure

10  violated 28 U.S.C. § 2283, the Interstate Agreement on Detainers, and the Federal Rules of

11  Criminal Procedure; (2) ineffective assistance of counsel; and (3) the district court lacked

12  subject-matter jurisdiction to issue an indictment based upon conduct being prosecuted by state

13  authorities that made the initial arrest. (ECF No. 1 at 1.)

## II.

## DISCUSSION

16        Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a

17  habeas petition and allows a district court to dismiss a petition before the respondent is ordered

18  to file a response, if it "plainly appears from the petition and any attached exhibits that the

19  petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

20  Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

21        A federal court may not entertain an action over which it has no jurisdiction. Hernandez

22  v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address

23

---

24  Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may
25  take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006)
26  ("We may take judicial notice of court filings and other matters of public record.").
    [2] Page numbers refer to the ECF page numbers stamped at the top of the page.
27  [3] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28
28  U.S.C. foll. § 2254.

2

1   the threshold question whether a petition was properly brought under § 2241 or § 2255 in order

2   to determine whether the district court has jurisdiction. Hernandez, 204 F.3d at 865. A federal

3   prisoner who wishes to challenge the validity or constitutionality of his federal conviction or

4   sentence must do so by moving the court that imposed the sentence to vacate, set aside, or

5   correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046

6   (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means

7   by which a federal prisoner may test the legality of his detention, and that restrictions on the

8   availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

9   Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

10          Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

11  prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

12  to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047

13  (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d

14  952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that

15  it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The

16  remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a

17  prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.

18  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v.

19  United States, 315 F.2d 76, 83 (9th Cir. 1963).

20          A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner

21  "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

22  presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to

23  the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255

24  savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United

25  States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court

26  explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all

27  the evidence, it is more likely than not that no reasonable juror would have convicted him." 523

28  U.S. at 623 (internal quotation marks and citation omitted).

1    With respect to the second requirement, "it is not enough that the petitioner is presently

2  barred from raising his claim of innocence by motion under § 2255. He must never have had the

3  opportunity to raise it by motion." Ivy, 328 F.3d at 1060. In determining whether a petitioner

4  never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether

5  the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal

6  and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's

7  claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–

8  61).

9    Petitioner requests the Court to vacate his conviction because the arrest procedure

10  violated 28 U.S.C. § 2283, the Interstate Agreement on Detainers, and the Federal Rules of

11  Criminal Procedure, he suffered ineffective assistance of counsel, and the district court lacked

12  subject-matter jurisdiction. (ECF No. 1 at 1.) The Court finds that Petitioner cannot raise such

13  claims under § 2241 because he has failed to satisfy the requirements to proceed pursuant to the

14  savings clause. These claims challenge the legal sufficiency of Petitioner's conviction rather than

15  "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror

16  would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks and citation

17  omitted). Additionally, Petitioner does not establish that he has not had an unobstructed

18  procedural shot at presenting his claims. It does not appear that the "legal basis" for the claims

19  raised in the instant petition "did not arise until after Petitioner exhausted his direct appeal and

20  first § 2255 motion," and there is no indication that "the law changed 'in any way relevant' to

21  petitioner's claim[s] after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328

22  F.3d at 1060–61).

23                                      **III.**

24                              **RECOMMENDATION**

25    Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for

26  writ of habeas corpus be DISMISSED for lack of jurisdiction.

27    This Findings and Recommendation is submitted to the assigned United States District

28  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

1  Rules of Practice for the United States District Court, Eastern District of California. Within

2  **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

3  written objections with the court and serve a copy on all parties. Such a document should be

4  captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

5  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

6  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

7  time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d

8  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10 IT IS SO ORDERED.

11   Dated:   **January 6, 2024**          /s/ _Erica P. Grosjean_
12                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28